Case 7:11-cv-00575-JCT Document 137 Filed 01/17/14 Page 1 of 8 Pageid#: 5009

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 17 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ZHENLI YE GON, | ) |
| | ) |
| Petitioner, | ) Case No. 7:11-cv-00575 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| GERALD S. HOLT, U.S. Marshal | ) |
| for the Western District of Virginia, and | ) By: James C. Turk |
| FLOYD AYLOR, Warden of the | ) Senior United States District Judge |
| Central Virginia Regional Jail, | ) |
| | ) |
| Respondents. | ) |

By Memorandum Opinion and Order entered November 25, 2013, this Court denied Petitioner Zhenli Ye Gon's ("Ye Gon") petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 117, 118. On December 5, 2013, Ye Gon filed a Motion to Alter, Amend or Correct Final Judgment, ECF No. 120, in which he requests that this Court amend or clarify its prior Memorandum Opinion regarding several specific issues, addressed herein. See ECF No. 121. The Respondents (hereinafter "the Government") has filed a response. ECF No. 129, and Petitioner has filed a reply, ECF No. 133. The parties have agreed to the submission of the motion without a hearing, see ECF No. 120 at 1, and therefore it is ripe for disposition. For the reasons set forth herein, the motion is **GRANTED IN PART** and **DENIED IN PART.**

Petitioner seeks clarification or amendment of the Court's prior opinion and order as to three issues. First, he seeks a specific ruling on "whether Mexico's separate criminal charge related to sulfuric acid may be prosecuted[,]" or whether extradition is improper on this separate Mexican criminal charge because dual criminality is lacking. ECF No. 121 at 1-2 (citing his prior argument at ECF No. 63 at 48-50). Second, he requests a ruling on whether "the legal rule that

1

declares that all 'contradictory' evidence must be excluded in extradition proceedings, expressly applied by U.S. Magistrate Judge Facciola, violates constitutional due process." ECF No. 121 at 2 (citing his prior argument at ECF No. 63 at 93-94). Third, Petitioner requests an amendment of "its Order and Memorandum Opinion to clarify that only charges on which this Court has authorized extradition may be prosecuted by Mexican officials." ECF No. 121 at 2-3. Finally, in a footnote, Petitioner also correctly notes that the docketed copy of the Opinion contains two page different versions of page 31 and that only the second of these should appear in the opinion.

Rule 60(a) allows a court to correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Clearly, the error concerning page 31 is a clerical mistake and the Government agrees that an Amended Order would be appropriate to correct this error.[1] Accordingly, the Court will docket an Amended Opinion consistent with its rulings herein and also incorporating its separate ruling on Petitioner's Motion to Stay.

With regard to the more substantive issues raised by Petitioner, the Court addresses each of them in the order in which they were raised, after first addressing a procedural argument half-heartedly raised by the Government.

## I. Whether Fed. R. Civ. P. 59 or 60 Are Available in Extradition Proceedings

In its response to Petitioner's motion, the Government begins with the couched statement that "Petitioner's invocation of Federal Rules of Civil Procedure 59(e) and 60 may be misplaced." ECF No. 129 at 1 (emphasis added). It is unwilling to say "that the Rules of Civil Procedure can never be used in a habeas proceeding involving an extradition decision[,]" but argues that "the broad use of either Rule 59 or Rule 60 to reopen the completed habeas

---

[1] Likewise, the Government correctly notes that the docketed version of the Opinion is missing page 38 and contains instead two copies of page 39. See ECF No. 18. This error, too, will be corrected with the Court's Amended Opinion.

2

proceeding should be avoided." Id. at 2-3. The Court does not interpret Petitioner's motion—which was narrowly drawn, brief, and mostly asked for clarification of the Court's rulings—as any such "broad" attempt to "reopen the completed habeas proceeding." In any event, both because the Court largely denies the relief sought by Petitioner and because the Government has not expressly argued that Rule 59(e) and Rule 60 are inapplicable here, the Court will assume, without deciding, that it has authority under both or either of those rules to address Petitioner's motion.

**II. Sulfuric Acid Drug Charge**

Turning now to Petitioner's specific requests, he first asks for a specific ruling on "whether Mexico's separate criminal charge related to sulfuric acid may be prosecuted[,]" or whether extradition is improper on this separate Mexican criminal charge because dual criminality is lacking. By way of additional background, one of the charges against Ye Gon encompassed a claim that he diverted sulfuric acid, which is treated as an "essential chemical product" under Mexican law, for the unlawful production of psychotropic substances. See ECF No. 50, Ex. 1 at 5 (including in the listed drug offenses "Diversion of essential chemical products (sulfuric Acid) to produce narcotics"). The extradition court made factual findings that "traces" of sulfuric acid had been found in the Toluca pharmaceutical plant, and other factual findings suggesting that sulfuric acid may have been used to produce illegal narcotics.

Petitioner contends that the possession or use of sulfuric acid to manufacture a controlled substance is not a violation of U.S. law, and thus that dual criminality is lacking as to the charge of diversion. He further points to the testimony of Dr. Lectka before the extradition court that sulfuric acid is a widely-available, common chemical substance found in virtually every operating chemical lab. ECF No. 63 at 49.

3

In is Answer to his habeas petition, the Government did not reference any specific arguments regarding the sulfuric acid, nor did it make any argument that sulfuric acid is a controlled substance or a listed chemical under U.S. law. See generally ECF No. 65 at 29-37 (arguing that dual criminality is met for the drug-related charges). Instead, it simply argued that dual criminality is satisfied for the diversion charge because the "same basic evil" is proscribed under United States law, as well, i.e., the use of precursor chemicals to create illegal substances. It continues: "That the United States chooses to regulate a slightly smaller subset of that category of chemicals goes more to the elements of the offense than to the criminal nature of the underlying conduct, and, thus, that difference should not defeat dual criminality." Id. at 35 (citing Choe v. Torres, 525 F.3d 733, 738 (9th Cir. 2008)).

In its response to the Motion to Alter or Amend Judgment, the Government again makes no argument that the diversion of sulfuric acid specifically would be illegal in the United States. Instead, it argues that this Court sufficiently addressed the charge of diverting sulfuric acid by "adopting the factual findings of the extradition court as its own," which included facts supporting extradition on the sulfuric acid charge. ECF No. 129 at 4-6. The Government also suggests a revision to one sentence of this Court's opinion regarding this issue, if the Court wishes to make its holding "abundantly clear." ECF No. 129 at 6.

In the Court's view, Defendant's arguments that dual criminality on this specific charge is lacking may be stronger than its other dual criminality challenges. Nonetheless, the Court intended for its prior opinion to include a rejection of this argument. Thus, the Court agrees with the Government that the best course is simply for the Court to amend its prior opinion to make clear its intended ruling, which is that all of the drug charges satisfy the dual criminality requirement. Accordingly, the Court will amend page 30 of its prior opinion to include the

following underlined language, so that it will now read: "the first ground given by the extradition court is sufficient to establish dual criminality for <u>all of</u> the drug charges, <u>including the charge of diverting sulfuric acid for the unlawful production of psychotropic substances</u>."

### III. The Contradictory Evidence Rule

In his Amended Petition, Petitioner argued that his constitutional due process rights were violated when the Extradition Court refused to consider allegedly "contradictory evidence" that he offered. In response, the Government first contends that Petitioner failed to make or preserve a due process challenge to the rule against contradictory evidence because he made "only passing reference to that claim in the extradition proceeding and his habeas petition." ECF No. 129 at 6. It argues that, in any event, the extradition magistrate did not exclude any of Petitioner's evidence on this basis and further, that the claim fails "in light of the longstanding Supreme Court cases that created the rule against the introduction of contradictory evidence." ECF No. 129 at 7.

In its prior Memorandum Opinion, the Court did not expressly state that the contradictory evidence rule does not violate due process. To the extent that the Extradition Court applied the contradictory evidence rule at all, however, the Court concludes that Petitioner has failed to show that the application of that rule violated his due process rights. In particular, as the Government correctly notes, there is ample authority that holds that the rule prohibiting the introduction of contradictory evidence is applicable in extradition proceedings. <u>See, e.g.</u>, ECF No. 129 at 10-12. Thus, the Court denies Plaintiff's motion insofar as it requests a ruling that the contradictory evidence rule violated his constitutional right to due process.

## IV. Rule of Specialty Request

Petitioner's third and final request seeks an order from this Court clarifying "that only charges on which this Court has authorized extradition may be prosecuted by Mexican officials." ECF No. 121 at 2-3. This appears to be a reference to the rule of speciality, a "doctrine of international comity" that states the "requesting state, which secures the surrender of a person, can prosecute that person only for the offense for which he or she was surrendered by the requested state or else must allow that person an opportunity to leave the prosecuting state to which he or she has been surrendered." Gallo-Chamorro v. United States, 233 F.3d 1298, 1305 (11th Cir. 2000) (citations omitted); United States v. Day, 700 F.3d 713, 722 (4th Cir. 2012) (describing the doctrine and noting that the extradition treaty between the United States and Mexico "prohibits the trial of a person for 'an offense' for which extradition has not been granted"). Petitioner notes that he has seen press reports from Mexico claiming that "the Mexican government has filed additional, separate charges against Mr. Ye Gon—including one report of alleged tax violation charges, and another more recent press report describing new 'smuggling' charges." ECF No. 121 at 2. He further notes that no extradition has even been sought by Mexico on these other charges and thus "[a] risk . . . exists that, if extradited to Mexico on the charges this Court has authorized, Mr. Ye Gon might then also face prosecution on these other, separate charges on which no extradition was ever sought or obtained." Id. at 2-3.

The Government first responds that Petitioner failed to preserve any rule of specialty argument in his habeas proceedings. Specifically, after the extradition proceeding, Petitioner filed a motion to dismiss the extradition case on the grounds that Mexico had reportedly brought additional criminal charges against him and intends to prosecute him on those charges without requesting extradition, in violation of Article 17 of the Treaty. The Extradition Court denied the

6

motion. See In re Extradition of Zhenli Ye Gon, Misc. No. 08-596, (D.D.C.), ECF Nos. 162, 173. Petitioner did not challenge the denial of that motion in these proceedings. The Government further argues that, even if the argument has been properly preserved and raised before this Court, it is meritless.

The Court does not deem the argument waived, but in considering it, it concludes that Petitioner is not entitled to the relief he seeks. Obviously, the Court's Memorandum Opinion and its rulings in this proceeding relate only to the charges for which extradition has already been sought. Nonetheless, the Court agrees with some of the Government's arguments set forth in its response, ECF No. 129 at 12-17, and thus declines to amend its order to include a specific statement that "only charges on which this Court has authorized extradition may be prosecuted by Mexican officials." Most notably, the issue of whether or not Mexico could prosecute Petitioner for additional charges is not yet ripe, as Article 17 of the Treaty is triggered <u>after</u> extradition, which has not yet occurred. Additionally, there are circumstances set forth in the treaty pursuant to which an extradited person may be prosecuted for charges outside those for which he was originally extradited. See, e.g., Treaty at Article 17(1) (allowing prosecution if extradited person leaves the Requesting Party (here, Mexico) after his extradition and voluntarily returns to it, or if he does not leave the territory of the Requesting Party within 60 days after being free to do so). Thus, the Court declines to amend its order to protectively issue on order prohibiting another sovereign country from taking an action that it has not even indicated it intends to take. See, e.g., Kelly v. Griffin, 241 U.S. 6, 15 (1915) (declining to modify extradition documents before extradition because the Court "assume[s], of course, that the government in Canada will respect the convention between the United States and Great Britain, and will not try the appellant upon other charges than those upon which the extradition is allowed"); see also In

7

Re Sainez, 2008 WL 36615 (S.D. Cal. Feb. 8, 2008) (declining to require Mexico to provide advance assurances that it will comply with Rule of Specialty).

## V. Conclusion

For the reasons explained in this Memorandum Opinion, Petitioner's Motion to Alter, Amend or Correct Final Judgment, ECF No. 120, is **GRANTED IN PART** and **DENIED IN PART**. The Court will issue an Amended Opinion to correct the noted clerical errors. The Court's rulings in this Memorandum Opinion, combined with the Amended Opinion entered herewith, shall constitute the final opinion of the Court in this case.

ENTER: This 17th day of January, 2014.

*/s/ James C. Turk*
James C. Turk
Senior United States District Judge