

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

JAN 17 2014

JULIA C. [illegible], CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ZHENLI YE GON, | )<br>) |
| Petitioner, | )<br>) Case No. 7:11-cv-00575<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GERALD S. HOLT, U.S. Marshal<br>for the Western District of Virginia, and<br>FLOYD AYLOR, Warden of the<br>Central Virginia Regional Jail, | )<br>) By: James C. Turk<br>) Senior United States District Judge<br>)<br>) |
| Respondents. | )<br>) |

By Memorandum Opinion and Order entered November 25, 2013, this Court denied Petitioner Zhenli Ye Gon's ("Ye Gon") petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 117, 118. In conjunction with that Order, the Court stayed the extradition of Petitioner for a period of thirty days, with the agreement of counsel for Respondents, in order to allow him to file a notice of appeal and seek a further stay.

Petitioner has now filed his appeal and has also filed a motion for stay in which he requests that the Court extend its stay during the pendency of his appeal. ECF No. 123. The motion has been fully briefed, with Respondents filing a response in opposition, see ECF No. 134, and Petitioner filing a reply, ECF No. 136. The Court has carefully considered the respective arguments of the parties. For the reasons set forth briefly below, the Court **GRANTS** Petitioner's motion to stay his extradition proceedings during the pendency of his appeal.

As the parties agree, there are four factors the Court must consider in determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a

stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (citation omitted). The first two factors of the test "are the most critical." Id.

The Court has considered all of the factors and concludes that a stay during the pendency of this appeal is warranted. In particular, while the Court believes it has reached the right conclusion as to the merits of Petitioner's many claims, the law on at least some of those issues is unsettled or is not subject to any recent authority directly on point, as the Court has noted. See generally ECF No. 117. As Petitioner notes, moreover, some of those issues are legal ones that will be reviewed *de novo*, and there is a distinct possibility a panel of judges on the Fourth Circuit may reach a different conclusion than this Court has on some of those difficult issues. Cf. ECF No. 124 at 5-6. While the Court recognizes that a "mere 'possibility' of relief" is insufficient to show a likelihood of success on the merits, Nken, 566 U.S. at 434, it concludes that Petitioner has shown more than such a "mere possibility" of succeeding on at least some of his claims, especially his dual criminality challenges and his *non bis in idem* challenges.

Additionally, allowing a stay in this case will prevent Ye Gon from being extradited while his case is being heard by the appellate court, because if he were extradited, his claims would be effectively mooted. See Lindstrom v. Graber, 203 F.3d 470, 473-74 (7th Cir. 2000) (where petitioner was extradited while his appeal was pending despite a valid stay of extradition, his appeal was declared moot and dismissed). At the very least, even if the Fourth Circuit ruled in his favor, it would be an empty victory that would not likely result in his being returned to the United States. Cf. Noriega v. Pastrana, 2008 WL 331394, *3 (S.D. Fla. Jan. 31, 2008) (granting stay of extradition where the court found that the case involved unique and complex legal issues and irreparable harm because "if the stay is not granted it is obvious that Noriega will be

2

extradited to France before his appeal is resolved" and once extradition occurs, "the federal courts will lack jurisdiction and the appeal will effectively be mooted. . . . [E]ven if Noriega prevails on his appeal, it would be a Pyrrhic victory."). Indeed, the Government "does not disagree" that if Ye Gon were deported while his appeal was pending, the appeal would be moot. See ECF No. 134 at 16 n.6. Thus, extradition while his appeal is pending would effectively void Petitioner's ability to seek meaningful appellate review of this Court's decision and thus would result in irreparable harm. The Court has considered the Government's arguments to the contrary, cf. ECF No. 134 at 16-17, but finds them unconvincing.

Additionally, the third and fourth Nken factors do not weigh heavily against the granting of a stay. The Government argues in its opposition that the third and fourth factors are also implicated here, and points to the length of time Petitioner's extradition case has been pending, largely blaming Petitioner for the delay in resolution. The Court simply does not agree that Petitioner is responsible for all, or even most, of the delays in his extradition proceeding, and certainly not those that have occurred since he filed his habeas petition.[1]

For these reasons, the Court **GRANTS** Petitioner's motion to stay his extradition, ECF No. 123, and will stay the enforcement of its judgment while his appeal is pending before the United States Court of Appeals for the Fourth Circuit. The Court's Amended Final Order and Judgment, entered this same day, will reflect the Court's ruling extending the stay.

**ENTER**: This 17th day of January, 2013.

James C. Turk
Senior United States District Judge

---

[1] For example, the habeas petition was pending before this Court, transferred to another court and then transferred back, and it was also fully ripe after a hearing and not ruled on for more than one year. These delays are not attributable to Petitioner.